UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SONIA TOURE,                                    :
                                                :   24 Civ. 5977 (LAP)(HJR)
                        Plaintiff,              :
                                                :
        - against -                             :
                                                :
RESEARCH FOUNDATION OF THE CITY                 :
UNIVERSITY OF NEW YORK,                         :
                                                :
                        Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF
## ORDER TO SHOW CAUSE TO WITHDRAW AS COUNSEL

In the Southern District of New York, a motion to withdraw is governed by Local Civil Rule 1.4. Local Rule 1.4 says the Court may only grant a motion for withdrawal "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." That is, "when considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Flannigan v. Vulcan Power Grp. LLC*, 2023 U.S. Dist. LEXIS 67518, *5 (Preska, J.) (quoting *Allstate Ins. Co. v. Spina*, 2020 U.S. Dist. LEXIS 245611, 2020 WL 7753266, at *1) (S.D.N.Y. July 27, 2020) (quotation marks and citation omitted). Regarding the timing element, courts consider "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id.*, quoting *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). "'Considerations of judicial economy weigh heavily' in a court's analysis." *Id.*, (quoting *Spina*, 2020 U.S. Dist. LEXIS 245611, 2020 WL 7753266, at *1 (quoting *Whiting*, 187 F.3d at 320)).

### A. Reason for Withdrawal

New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, §

1200.0 (hereinafter, the "NYRPC"),[1] "provide guidance to courts in determining what constitutes 'good cause' for granting a motion to withdraw as counsel." *Id.* at *5-6 (quoting *In re Wiener*, 2019 Bankr. LEXIS 1893, 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019)). NYRCP Rule 1.16 "differentiate[s] between mandatory (see NYRPC rule 1.16(b)) and permissive (see NYRPC rule 1.16(c)) bases for withdrawal." *Id.* at * 6 (quoting *Guichard v. Manne*, 2022 U.S. Dist. LEXIS 98885, 2022 WL 2612347, at *1 (E.D.N.Y. June 1, 2022)).

NYRPC 1.16(b)(3) requires withdrawal where, *inter alia*, the lawyer is discharged. That Rule is subject to NYRPC 1.16(d), which provides that where (as here) permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission.

In this case, Plaintiff has discharged her counsel. Affirmation of Jonathan A. Bernstein dated January 23, 2025, (the "Bernstein Aff.) ¶ 2.

**B. Timing of the Proceeding**

The parties have not held a Rule 26(f) conference and the Court has not held a Rule 16 conference. Bernstein Aff. ¶ 6. No discovery has been had and the case is not on the trial calendar. *Id.* The case was referred to mediation on November 4, 2024. ECF No. 12. All discovery is deferred pending mediation. *Id.* Mediation is scheduled for March 7, 2025. Docket Entry Jan. 3, 2025.

As noted, in addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of

---

[1] The NYRPC "governs the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *Flanningan*, 2023 U.S. Dist. LEXIS 67518, *5 quoting *SEC v. Gibraltar Global Securities*, 2015 U.S. Dist. LEXIS 60937, 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015).

counsel. *Whiting*, 187 F.3d at 320-321. The *Whiting* court noted that where discovery is not complete and the case is not scheduled for trial, granting counsel's motion to withdraw is unlikely to cause undue delay whereas a motion to withdraw brought "on the verge of trial readiness" is properly denied. *Id.* (citing *Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) and *Malarkey v. Texaco, Inc.*, 1989 U.S. Dist. LEXIS 8764, 1989 WL 88709 at *2 (S.D.N.Y. Jul. 31, 1989)).

In this case, the proceedings are at a very early stage. The withdrawal of counsel is unlikely to disrupt the progress of the lawsuit.

## **Conclusion**

For the foregoing reasons, Isaacs Bernstein, P.C. requests an Order granting leave to withdraw as Plaintiff's counsel, and such other and further relief as the Court may deem just and proper.

Dated: Yardley, Pennsylvania
January 23, 2025

                                                Respectfully submitted,

                                                ISAACS BERNSTEIN, P.C.

By: _____/s/_____

                                                2108 Yardley Road
                                                Yardley, PA 19067
                                                (917) 693-7245
                                                jb@lijblaw.com
                                                Attorneys for Plaintiff